O’Neall, J.
The case before us cannot be distinguished from that of Furnan v. Harman 2 M’C. 442. The security for costs in that case and in this, was entered in precisely the same way; that the order here requires that the security be given to the clerk, cannot alter the case. Under a general order for security, regularly the security ought to be given to and approved by the clerk. But Furnan v. Harman, sanctioned an exception to strict practice on the legal intendment, (I suppose,) that as the entry of security is on the back of the record, it must be presumed to be entered into before the clerk, in whose possession the record is legally presumed to be.
The case of M’Collum v. Massey & M’Neill 2 Bail. 606 would, we think, have justified the Court on the facts shewn in this case, to order the security to be filed nunc pro tunc.
The entry of the security being without date was a wholly immaterial circumstance ; the true date could be established by testimony aliuncle.
From these views, the motion to set aside the nonsuit must be granted. But we agree fully with the presiding judge, that the practice of entering security on the back of the record in the informal and unauthorized way in which it is now often done, is a very loose one and ought to be corrected.
It is therefore ordered, that as a future rule of practice, security for costs shall be taken by the clerk of the Court in each district on the back of the record, in the following form, to wit:
-1 (or we, as the case may be) acknowledge myself (or ourselves) liable for the costs of this case; and consent that if the plaintifi' *560 (or plaintiffs) fail to recover in this case, that the defendant (or defendants) may have execution for the same against me (or us, as the case may be.) December 183 .
(Signed) A. B.
or
In the presence of > J. R. Clerk of District.” $
A. B. and C. D.
And no other entry of security for costs, shall be regarded as a compliance with an order of the Court of Common Pleas requiring security for costs to be given.
The motion to set aside the nonsuit is granted.
Johnson and Harper, Js. concurred.